UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RUTH SINNI,

                                  **Plaintiff,**

                    -against-

**FOREST HILLS HOSPITAL, et al.**

                                **Defendants.**
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**09-CV-4572 (SLT)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before the Court is a dispute between the parties as to whether a proposed Stipulated Confidentiality Order, which has not yet been so-ordered or even submitted in modified form to the Court, should include a provision authorizing disclosure of Confidential Information and Protected Materials to the media. See Letter to the Court from Lauren M. Levine (Dec. 21, 2010) ("Def. Letter"); Letter to the Court from Ralph A. Somma (Dec. 22, 2010) ("Pl. Letter"). The Court concludes that it should not.

As a preliminary matter, the Court rejects plaintiff's argument that because the revised stipulation was "finalized on December 21," defendants have waived any objection to the disputed language. See Pl. Letter at 1. Whether or not the parties agreed to certain language is not the issue; as amply demonstrated during the Court's telephonic conference with the parties on December 17, 2010, see Minute Entry (Dec. 17, 2010) ("12/17/10 Minute Entry"), the Court must determine the appropriateness of the language of any protective order, even one that has been stipulated to by the parties.[1]

---

[1] Moreover, the Court rejects plaintiff's contention that defense counsel's "claimed

(continued…)

In this Court's view, the language advocated by plaintiff is not appropriate. The Court assumes that only materials that the producing party in good faith deems to contain Confidential Information will be designated as such and therefore subject to the terms and limitations of the proposed order.[2] To the extent that a dispute arises as to the propriety of one party's designation of material as Confidential, the proposed order presumably will include a provision specifying the procedures for challenging that designation, with the burden of proof on the party claiming confidentiality.[3] To the extent the Court rejects the designation of confidentiality, that information will no longer be subject to the terms and limitations of the Protective Order; if, on the other hand, the Court sustains the designation, that ruling will necessarily rest on a finding that the information in question is in fact confidential and should be disclosed only to the extent necessary to prosecute or defend this action.

The case relied upon by plaintiff, Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 75 (S.D.N.Y. 2010), is distinguishable. There the court was faced with a dispute over disclosure of specific documents, not with a proposed order crafted to cover all discovery documents designated as confidential. The court held in Duling that plaintiffs could disclose to

---

[1](…continued)
inadvertence is not credible . . . ." Pl. Letter at 1; see id. at 3. In reviewing the parties' earlier proposed order, the Court likewise overlooked the provision authorizing disclosure of Confidential Information to the media; had the Court noticed that language, it would have stricken it, and so notified the parties during the December 15th conference.

[2] Indeed, during the December 15th telephone conference, the Court ruled that the definition of Confidential Information contained in the earlier version of the parties' proposed order was overly broad and needed to be narrowed significantly.

[3] This provision appeared in Section 7 of the parties' earlier proposal. See Ex. 1 to Letter Motion for Protective Order (Dec. 15, 2010).

the media any information in their *own* personnel files, as well as unidentiable composite information from other files (such as "the average wages of male employees and female employees"). Id. In this case, in contrast, plaintiff seeks a blank check to disclose Confidential Information to the media, as long as the information is not attached to a particular name. The Court declines to authorize disclosure to the media of information designated in good faith as confidential, unless and until the Court rejects that confidentiality designation.

    **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
            **December 23, 2010**

                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**